COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       James Eric Higginbotham v. The State of Texas

Appellate case number:    01-12-00547-CR

Trial court case number:   1773747

Trial court:                      County Criminal Court at Law No. 3 of Harris County

There is no evidence in the record that the trial court permitted appellant's trial counsel, Jed Silverman, to withdraw. In a criminal case, trial counsel, whether retained or appointed, represents the client throughout the appellate process unless and until permitted to withdraw by the trial court. *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (en banc). However, Silverman has not made an appearance in this appeal and appellant is currently proceeding pro se.

Accordingly, we abate this appeal and remove it from this Court's active docket.

We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Jed Silverman, shall be present. Appellant shall also be present for the hearing in person.

The trial court shall first determine whether appellant wishes to continue prosecuting this appeal.

If appellant wishes to continue, the trial court shall determine whether Jed Silverman intends to represent appellant on appeal. If Silverman does not intend to represent appellant, the trial court shall determine whether good cause exists for Silverman to withdraw, and either permit Silverman to withdraw or order Silverman to continue on the appeal.

If Silverman is permitted to withdraw, the trial court shall determine whether appellant is now indigent and entitled to appointed counsel on appeal. If appellant is indigent, the trial court shall appoint appellate counsel. If appellant is not indigent, the trial court shall determine whether appellant intends to hire an attorney, and if so, shall order that appellant direct the attorney to file a notice of appearance in this Court no more than 20 days from the date of the hearing. If appellant does not intend to hire an attorney, the trial court shall admonish the appellant regarding the dangers and disadvantages of self-representation and determine whether appellant is knowingly and intelligently waiving his right to counsel. If so, the record must clearly reflect that appellant knowingly and intelligently waived his right to counsel.

**The trial court must make written findings regarding appellant's desire to pursue the appeal and appellant's representation on appeal. The findings must be contained in a separate written document and not a docket sheet, because this Court may not consider a docket sheet.**

The trial court shall have a court reporter record the hearing, and a reporter's record of the hearing shall be filed in this court **within 30 days of the date of this order**. A supplemental clerk's record containing the trial court's written findings shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.


Judge's signature: /s/ Justice Rebeca Huddle
                ☑ Acting individually    ☐ Acting for the Court


Date:  September 14, 2012